**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CECILIA GONZALEZ,<br><br>               Plaintiff,<br><br>    v.<br><br>HOMEQ SERVICING, *et al*,<br><br>               Defendants. | 1:09-CV-00951-OWW-SMS<br><br>MEMORANDUM DECISION ON DEFENDANT BARCLAYS CAPITAL REAL ESTATE, INC DBA HOMEQ SERVICING'S MOTION TO DISMISS (Doc. 12) |

## I. INTRODUCTION

Before the court for decision is Defendant Barclays Capital Real Estate, Inc. dba Homeq Servicing's ("Homeq") motion to dismiss Plaintiff's First Amended Complaint ("FAC") for failure to state a claim. Plaintiff Cecilia Gonzalez did not oppose the motion. Defendant Homeq's motion to dismiss was submitted on the papers pursuant to Local Rule 78-230(c), (h).

## II. BACKGROUND

This case involves a dispute between Plaintiff Cecilia Gonzalez and Defendant Homeq over the mortgage loan obtained by Plaintiff on property located at 1691 North Bridge Street, Visalia, California.[1]  Plaintiff subsequently defaulted on the loan and the

---

[1] Plaintiff's deed of trust securing the loan was recorded on August 26, 2005 in the Official Records of Tulare County,

**1**

non-judicial foreclosure process was initiated.[2]

The disputed loan was brokered and financed by one or more undisclosed financial entities. Defendant Homeq serviced the loan and Plaintiff does not allege that Homeq originated or brokered the loan.[3]

Plaintiff's suit primarily challenges the disclosures - or lack thereof - that were provided with the loan. In particular, Plaintiff alleges that certain documents related to the loan "were not provided to [her] despite her insistence and continued requests for copies of such."[4] (FAC ¶ 14.) Plaintiff also alleges that she was "induced into this transaction without the proper opportunity to evaluate the costs and implications thereof, and in a form and manner required by applicable statute and regulation [sic]." (Id. ¶ 21.) With respect to Defendant Homeq, the FAC provides:

> Defendant Homeq ratified this transaction with an improper, ineffective, and unlawful omission of material disclosures as that term is defined under 15 U.S.C. § 1602(u); Reg. Z § 226.23(a)(3) n. 48.

(Id. ¶ 23.)

---

California. (FAC ¶ 75.)

[2] Homeq, a loan servicing company, is a dba of Barclays Capital Real Estate, Inc., which is a Delaware corporation with its principal place of business in New York. (Doc. 1, ¶ 11.)

[3] It appears that Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is the beneficiary under Plaintiff's Deed of Trust. Plaintiff, however, did not serve Defendant MERS with notice of this litigation. (Doc. 1, ¶ 4.)

[4] Specifically, Plaintiff alleges that "failure to accurately and effectively disclose a Truth in Lending Disclosure Statement [...] is a failure to provide a material disclosure under 15 U.S.C. § 1602(u); Reg. Z § 226.23(a)(3) n. 48." (FAC ¶ 22.)

2

On May 11, 2009, Plaintiff filed the instant action in the Superior Court of California, County of Tulare, alleging six causes of action: (1) Violation of California Civil Code § 2923.6; (2) Fraud; (3) Reformation; (4) Injunctive Relief; (5) Declaratory Relief; and (6) Quiet Title. (Doc. 1, Exh. 1.)

On July 22, 2009, this case was removed on the basis of federal question jurisdiction. The notice of removal asserts that Plaintiff's action is founded on claims arising under federal laws, including the Federal Real Estate Settlement Procedures Act, ("RESPA"), 12 U.S.C. § 2607, *et seq*. Alternatively, the notice provides that removal is proper because "this is a civil action between citizens of different states and the matter in controversy likely exceeds the sum of $75,000." (Doc. 1, ¶ 9.)

Plaintiff filed her FAC on June 6, 2009, alleging five causes of action: (1) Violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635(a) - Rescission; (2) Violation of the TILA - Statutory Damages; (3) Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.; (4) Violation of California Business & Professions Code § 17200; and (5) Violation of California Civil Code § 2923.6. (Doc. 9.)

Defendant filed this motion on September 4, 2009. Defendant Homeq asserts that Plaintiff's suit should be dismissed with prejudice because the type of claims alleged are targeted at the original lender – which was not Homeq. In any event, Homeq claims that Plaintiff is not entitled to rescind the loan agreement and has no basis to pursue claims under federal or state law.

Plaintiff did not oppose Defendant's motion to dismiss.

3

### III. **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can be made and granted when the complaint fails "to state a claim upon which relief can be granted." Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief and survive a 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal citation and quotation marks omitted).

In deciding whether to grant a motion to dismiss, the court

4

must accept as true all "well-pleaded factual allegations." *Iqbal*, 129 S.Ct. at 1950.  A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, --- F.3d ----, 2009 WL 1978730, at *3 (9th Cir. July 10, 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity.  We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.").

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows:  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

### IV.  DISCUSSION

**A.   Federal Claims (Counts I-III)**

**1.   Rescission Under TILA (Count I)**

In her first cause of action, Plaintiff alleges that she is entitled to rescind the loan because Defendants failed to provide necessary loan disclosure documents, inducing her entry into a loan transaction "without the proper opportunity to evaluate the costs and implications thereof."  (FAC ¶ 21.)  Specifically, Plaintiff alleges that Defendants did not "accurately and effectively

5

disclose a Truth in Lending Disclosure Statement [which constitutes] a failure to provide material disclosure[s] [under TILA]." (Id. ¶ 22.) According to Plaintiff, these deficiencies entitle her to rescind the loan under the TILA framework.[5]

Defendant moves to dismiss Plaintiff's first cause of action on grounds that the claim for rescission is time-barred and that Plaintiff failed to allege that the she can or will tender the borrowed funds back to the lender, as required by 15 U.S.C. § 1635(b).

Generally, TILA provides that borrowers have until midnight of the third business day following the consummation of a loan transaction to rescind the transaction. 15 U.S.C. § 1635(a). A borrower's right of rescission is extended from three days to three years if the lender (1) fails to provide notice of the borrower's right of rescission or (2) fails to make a material disclosure.[6] *See Reagen v. Aurora Loan Servs*., No. 1:09-CV-00839-OWW-DLB, 2009 WL 3789997, at *16 (E.D. Cal. Nov. 10, 2009) (citing 12 C.F.R. § 226.23(a)(3)). Specifically, § 1635(f) of TILA provides:

An obligor's right of rescission shall expire three

---

[5] Under TILA, a plaintiff may sue for damages and/or rescission. Each remedy has its own statute of limitations. For a claim for damages, a consumer has one year from the date of consummation of the transaction to bring suit. See 15 U.S.C. § 1640(e); *King v. California*, 784. F.2d 910, 915 (9th Cir. 1986). For a claim for rescission, a consumer has only three days following consummation to cancel the transaction, unless the borrower's right of rescission is extended from three days to three years. *See id*. § 1635(a).

[6] In this case, Plaintiff contends that her original lender – not Homeq – failed to provide adequate loan disclosures, entitling her to the extended three-year statute of limitations for rescission of the loan.

6

> years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor.

15 U.S.C. § 1635 (f).

Here, the date of the violation is the date the loan closed, or August 17, 2005. Plaintiff's claim for rescission under TILA, which was filed in state court on May 11, 2009, exceeds the statute of limitations by eight months, and is time-barred. No facts are alleged in the FAC which would support tolling the statute of limitations and Plaintiff did not oppose Defendant's motion. Since Plaintiff did not commence litigation by August 17, 2008 - and has not pled facts giving rise to an equitable tolling argument - her rescission claim is time-barred.

TILA also requires a plaintiff to allege that the plaintiff can or will tender the borrowed funds back to the lender. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003) ("rescission should be conditioned on repayment of the amounts advanced by the lender."); *see also Am. Mortgage Network v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007) ("The equitable goal of rescission under TILA is to restore the parties to the status quo ante.") (citations omitted). Here, the FAC does not contain allegations that Plaintiff attempted to tender, or is capable of tendering, the value of the property pursuant to the rescission framework established by TILA. Nor does Plaintiff allege that such equitable circumstances exist that conditioning rescission on any tender would be inappropriate. As Plaintiff has not alleged that she has made such an offer or contemplates making such an offer,

7

her rescission claim fails.

Plaintiff's rescission claim is time-barred under the applicable limitations period. No facts have been pled which could give rise to an argument that the statute of limitations has been equitably tolled. The FAC also alleges that Homeq is the servicer on the loan, (FAC ¶ 18), and servicers are not treated as owners or assignees who would be liable for disclosure violations under TILA. 15 U.S.C. § 1641(f).

Plaintiff's TILA rescission claim is DISMISSED WITH PREJUDICE against Defendant Homeq.

### 2. Damages Under TILA (Count II)

Plaintiff's FAC also advances a claim for statutory damages under TILA. The grounds for Plaintiff's second claim are identical to her first cause of action for rescission, i.e., that she is entitled to relief based on her original lender's inadequate and incomplete disclosures. Defendant argues that Plaintiff's second cause of action is time-barred under the applicable one-year limitations period. Defendant is correct.

Plaintiff's request for damages under TILA is subject to a one year statute of limitations, typically running from the date of the loan execution. 15 U.S.C. § 1640(e). Plaintiff's loan was executed on August 17, 2005, and this action was filed on May 11, 2009. Applying § 1640(e) to Plaintiff's facts, the right to damages expired on August 17, 2006, one year after the closing of the loan. There are no facts alleged in the FAC which would support tolling the statute of limitations. For these reasons, Plaintiff's claim against Defendant Homeq for statutory damages

8

under TILA is DISMISSED WITHOUT PREJUDICE.

It is apparent that any amendment to Plaintiff's TILA claims would be futile. Both of Plaintiff's TILA claims are time-barred, and Plaintiff has failed to allege any entitlement to equitable tolling. Plaintiff has also not alleged that she can tender or contemplates tendering the amount she borrowed to state a rescission claim. Plaintiff's TILA claims against Defendant Homeq are DISMISSED WITH PREJUDICE.

### 3. FDCPA (Claim III)

Plaintiff's third cause of action is for violation of the federal FDCPA. (FAC ¶ 48-50.) Plaintiff alleges that Defendant Homeq is a "debt collector" in that it "attempted to collect a purported debt and specifically threaten [sic] imminent legal proceedings." (Id. ¶ 25.) Plaintiff further alleges that "Defendants [] violated the FDCPA by [failing] to provide validation notice under 15 U.S.C. § 1692e(11) [...] us[ing] false or misleading representations or deceptive means to collect or attempt to collect a debt [and] us[ing] unfair or unconscionable means to collect or attempt to collect a debt." (Id. ¶ 49.) The FAC appears to allege that Defendant Homeq engaged in abusive debt collection practices in violation of federal laws regulating debt collection. In this context, however, the FAC's third claim fails because Plaintiff has neither pled any facts suggesting that Homeq engaged in unlawful debt collection practices nor indicated how Homeq qualifies as a "debt collector" under the FDCPA.

Although the FAC alleges that Defendant used "unfair or unconscionable means to collect a debt," these are conclusions of

9

law.  Plaintiff has not alleged one fact concerning the frequency, timing, or methods of Defendant's debt collection practices.  The only debt collection "fact" asserted against Defendant is that "Defendant Homeq has attempted to collect a purported debt and specifically threaten[ed] imminent legal proceedings," which is not indicative of improper debt collection practices under the FDCPA.  In addition, the FAC's allegations that Defendant used "deceptive means" to collect a debt are conclusory and severely underdeveloped.  There is not one fact to indicate how or in what matter Defendant Homeq regularly engaged in the challenged practice.

It also appears that Defendant is not a "debt collector" under the FDCPA.  The FDCPA regulates only "debt collectors."  *See* 15 U.S.C. §§ 1692(e)-(f).  "Debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  *Id*. § 1692a(6).  "Debt Collector" does not include persons who collect debt "to the extent such activity ... (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person ...."  *Id*. § 1692a(6)(F).  The FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned."  *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985);  *see also Mansour v. Cal-Western Reconveyance Corp.*,

10

618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009) (granting motion to dismiss in favor of servicer because it was not a debt collector); *Nera v. Am. Home Mortgage Servicing*, *Inc.*, No. C-09-2025-RMW, 2009 WL 2423109 at *4 (N.D. Cal. Aug.5, 2009) (holding that mortgagors and servicing companies are not debt collectors and granting motion to dismiss because the "conclusory allegation" that "defendant is a 'debt collector'" is "not sufficient to support an [FDCPA] claim"). Here, nothing in the complaint suggests that Defendant Homeq is a "debt collector" under the FDCPA. Plaintiff's allegations do not trigger the FDCPA.

A claim is plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. 1937, 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570.). The complaint's third cause of action for violation of the FDCPA does not meet this burden. The FAC's third claim states no cognizable claim and is DISMISSED WITH PREJUDICE.

### B. State Law Claims (Counts IV-V)
#### 1. California Business & Professions Code § 17200

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, prohibits "any unlawful, unfair or fraudulent business act or practice." *Cel-Tech Communic'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Id.* (citation omitted); *Farmers Ins. Exch. v.*

11

*Superior Court*, 2 Cal. 4th 377, 383 (1992).  In other words, a "defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law." *Ingles v. Westwood One Broadcasting Servs*., Inc., 129 Cal. App. 4th 1050, 1060 (2005) (internal quotations omitted).

Plaintiff alleges that Defendant Homeq violated the UCL because: (1) "The business acts and practices of [] Defendants [...] constitute 'unfair' business practices under the UCL in that said acts and practices offend public policy and are substantially injurious to the Plaintiff and all consumers;" and (2) "Defendants processed and ratified this Transaction [...] and failed to deliver material disclosures under TILA, failed to comply with the contract between the parties [and] and failed to comply with statutory good faith and fair dealing."  (FAC ¶ 60-62.)

Defendant Homeq argues that Plaintiff's UCL claim is precluded because it is predicated on TILA and FDCPA claims that are barred by the statute of limitations.  Alternatively, Homeq argues that Plaintiff has not pled her UCL claim with the requisite particularity required by Rule 9(b).

Defendant's argument are well-taken.  First, to the extent that Plaintiff's UCL claims are predicated on TILA and FDCPA, they are preempted. *See Silvas v. E*Trade Mortg. Corp*., 514 F.3d 1001, 1007 n.3 (9th Cir. 2008) (Plaintiff cannot enforce a time-barred TILA claim through the UCL because such an action would constitute "an attempt to enforce a state regulation in an area expressly preempted by federal law."); *Distor v. U.S. Bank NA*, No. C-09-02086-SI, 2009 WL 3429700 at *8 (N.D. Cal. October 22, 2009) ("Because the FDCPA claim is not well pled, since neither defendant

appears to be a 'debt collector' within the meaning of the statute, the FDCPA claim cannot serve as the underlying violation for plaintiff's 'unlawful acts' UCL claim."); *Adams v. SCME Mortg. Bankers, Inc.*, 2009 WL 1451715 *11 (E.D. Cal. May 22, 2009) (holding that if a TILA claim is time barred, a "UCL claim based on TILA violations likewise fails."); *Reyes v. Downey Savings and Loan Ass'n*, 541 F. Supp. 2d 1108, 1115 (C.D. Cal. 2008) (citing *Silvas* for proposition that UCL claim is preempted by TILA if the underlying TILA violation is time barred).

Plaintiff's UCL claims are also deficient because they do not meet Rule 9(b)'s heightened pleading standard. Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud." A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken,* 6 F.3d 666, 671-672 (9th Cir.1993)

The complaint's factual development is severely lacking and fails to satisfy Rule 9(b)'s "who, what, when, where and how" requirements as to Defendant Homeq. The allegation that Defendant Homeq was aware that the loans contained a misleading clause also lacks factual support – Plaintiff has not pointed to a misleading clause. Plaintiff's allegation that the loan originator "failed to make accurate representations and/or failed to provide material information about the Transaction" is a more viable basis for a UCL claim, but it is not clear how Defendant Homeq - only a loan

13

servicer after Plaintiff had already entered into it - is liable for such conduct. There is no vicarious liability under the UCL. *See Perfect 10, Inc. v. Visa Intern. Serv. Ass'n*, 494 F.3d 788, 808-809 (9th Cir. 2007) ("an unfair practices claim under section 17200 cannot be predicated on vicarious liability .... A defendant's liability must be based on his personal participation in the unlawful practices."). The relevant allegations supporting Plaintiff's UCL claim are conclusory and fall short of meeting the particularity requirements for pleading fraud under Federal Rule of Civil Procedure 9(b).

The UCL claim's deficiencies are so severe to suggest no potential improvement from an attempt to amend. The fourth cause of action is DISMISSED against Defendant Homeq WITH PREJUDICE.

### 2. California Civil Code § 2923.52

Plaintiff's fifth cause of action is under the California Foreclosure Prevention Act, Cal. Civ. Code § 2923.52 *et seq.*, which postpones the notice of sale under a deed of trust for certain loans for 90 days. This law was passed in February 2009, and stated that it "shall become operative 14 days after the issuance of regulations" that provide an exemption filing option. *Id*. § 2923.52(4)(b). The California Department of Corporations issued the required regulations on June 1, 2009 (Cal. Code Regs. tit. 10, § 3 (June 1, 2009)), so § 2923.52 became operative on June 15, 2009. The Notice of Sale that forms the basis of Plaintiff's § 2923.52 claim was effected on April 13, 2009. (FAC ¶ 77.) Because the Notice of Trustee's Sale was issued two months before the California Foreclosure Prevention Act became operative, Plaintiff

14

has failed to state a claim. *See Pantoja v. Countrywide Home Loans, Inc.*, No. C-09-01615-JW, 2009 WL 2423703 at *6 (N.D. Cal. July 9, 2009) ("California Civil Code provisions are not retroactive unless so declared. Cal. Civ. Code § 3. Section 2923.52 does not contain any retroactivity declarations."). Plaintiff's fifth cause of action is DISMISSED WITH PREJUDICE.

## VI. CONCLUSION

For the reasons stated:

(1) Plaintiff's first cause of action for rescission under TILA is time-barred and DISMISSED WITH PREJUDICE.

(2) Plaintiff's second cause of action for damages under TILA is time-barred and DISMISSED WITH PREJUDICE.

(3) Plaintiff's third cause of action under FDCPA is incognizable and DISMISSED WITH PREJUDICE.

(4) Plaintiff's fourth cause of action for a violation of California Business & Professions Code § 17200 is DISMISSED WITH PREJUDICE.

(5) Plaintiff's fifth cause of action for a violation of California Civil Code § 2923.52 is DISMISSED WITH PREJUDICE.

Defendant Homeq shall submit a form of order consistent with, and within five (5) days following electronic service of, this memorandum decision.

IT IS SO ORDERED.

**Dated:　January 14, 2010**　　　　　　　/s/ Oliver W. Wanger
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE